UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RQAW CORPORATION, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CASE NO. 1:05-cv-0059-DFH-TAB |
| v. ) | |
| ) | |
| CARTER & BURGESS, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| CARTER & BURGESS, INC., ) | |
| ) | |
| Counter-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| RQAW CORPORATION, ) | |
| ) | |
| Counter-Defendant. ) | |

ENTRY ON MOTION TO DISMISS OR
IN THE ALTERNATIVE FOR LEAVE TO AMEND PLEADINGS

Plaintiff RQAW Corporation ("RQAW") initially brought this action in Indiana state court against defendant Carter & Burgess, Inc. ("C&B") for breach of contract, negligence, and indemnity. RQAW was the builder on a project for the Hanover Community School Corporation and the Hanover Multi-School Building Corporation (collectively, "Hanover Schools"). C&B provided architectural services for the Hanover Schools project. C&B removed the case to federal court and filed counterclaims against RQAW for copyright infringement, declaratory judgment,

conversion, and breach of contract.  C&B's counterclaims are based both on the Hanover Schools project and other projects on which it worked with RQAW.  After removal of the case, Hanover Schools then filed a separate action against both RQAW and C&B in state court, advancing claims for negligence, breach of contract, misrepresentation, submitting faulty plans and specifications, and for breach of settlement promises.  All of Hanover's claims are based on the parties' work on the Hanover Schools project.  RQAW has filed cross-claims in that action identical to its claims in this case.  Currently pending in this court is defendant C&B's motion to dismiss RQAW's claims or for leave to amend its pleadings under Rules 19 and 12(b)(7) of the Federal Rules of Civil Procedure, alleging that Hanover Schools is an indispensable party to this action, though its presence would defeat diversity jurisdiction.  For the following reasons, the court finds that all of the parties' claims in this court should be dismissed without prejudice.

*Discussion*

I.   *Rule 19 Analysis*

Rule 19(a) of the Federal Rules of Civil Procedure provides in relevant part that a person not a party to an action whose joinder will not deprive the court of subject matter jurisdiction shall be joined as a party to that action if, in the person's absence, complete relief cannot be accorded among those already parties. A person shall also be joined under this provision if the person claims an interest relating to the subject of the action and is so situated that the disposition of the

action in the person's absence either impairs the person's ability to protect the interest or leaves any of the parties at risk of multiple and/or inconsistent liability as a result of the claimed interest. If such a person has not yet been joined in the matter, Rule 19(a) requires the court to order that the person be named a party to the case.

Hanover Schools should be joined, if feasible, to the present case. Hanover Schools has sought to protect its interests by filing an action in state court against both of the federal parties for damages arising from the Hanover Schools project. If RQAW and C&B were to proceed in this matter in Hanover Schools' absence, they would face at the very least a substantial risk of multiple or inconsistent liability in either court. The most striking example of this risk would be if trial of the case in this court yielded a verdict that C&B did not behave negligently in submitting plans and designs for the Hanover Schools project. The same issue of C&B's negligence could nonetheless be re-litigated in state court by Hanover Schools who, not being a party to the present action, would not be precluded from doing so by principles of claim or issue preclusion. Yet in cross-claims in the state court action, and in litigating comparative fault in liability to Hanover Schools, RQAW might be limited by the results of the federal trial.

The risk of such mismatched liability and inconsistent verdicts is no longer only "theoretical," as RQAW has claimed. Hanover Schools has filed its claims in

state court. RQAW has asserted its identical cross-claims in that case, and the parties appear ready to proceed in either forum.

It is also doubtful that complete relief would be possible in Hanover Schools' absence. The amount of RQAW's damages appears to hinge at least in part on its potential liability to Hanover Schools. That issue is being litigated in state court. Permitting the parties to proceed here without Hanover Schools would impair Hanover Schools' ability to protect its already asserted interest in the outcome of the case.

Apart from jurisdictional considerations, it would be appropriate to join Hanover Schools to this action, but the court is without the authority to do so. The court's only basis for jurisdiction of RQAW's claims is the diversity of citizenship of the parties under 28 U.S.C. § 1332. Because Hanover Schools and RQAW are both Indiana citizens, joinder of Hanover Schools as a defendant in the present case would destroy the court's diversity jurisdiction.

Under such circumstances, Rule 19(b) requires the court to determine whether in equity or good conscience the matter should proceed with only RQAW and C&B, or whether the case should be dismissed because Hanover Schools is indispensable to this action. RQAW argues that dismissal of this action would be improper because whichever case is resolved first would be *res judicata* on the other case, rendering the risk of multiple or inconsistent liability only

"theoretical." As already explained, resolution of liability on the Hanover Schools project in this court could prejudice either of these parties and/or Hanover Schools if this action were to proceed in Hanover Schools' absence. Such risks cannot be cured by the careful shaping of relief. Additionally, RQAW's claims, which RQAW initially pursued in state court, have been pled again as cross-claims in Hanover Schools' state action, providing an adequate remedy outside of this court. Such factors weigh heavily in favor of dismissal. These considerations, as well as concern for judicial economy, persuade the court there is no need for parallel litigation with its risks of inconsistent verdicts. See Fed. R. Civ. P. 19(b).

Hanover Schools is an indispensable party to litigation of claims arising from the Hanover Schools project, and the parties have an adequate avenue for resolution of these matters in the state court proceeding. Accordingly, RQAW's claims for negligence, breach of contract, and indemnity, as well as C&B's claims for declaratory judgment and for breach of contract regarding non-payment for the Hanover Schools project shall be dismissed without prejudice. See *Taylor v. Chater*, 907 F. Supp. 306, 310 (S.D. Ind. 1995) ("Where there has been no prior court order to join the indispensable party, the appropriate measure is for the court to dismiss the action for nonjoinder *without prejudice*."), citing *Sladek v. Bell System Mgmt. Pension Plan*, 880 F.2d 972, 980 (7th Cir. 1989).[1]

---

[1] RQAW also argues that a proper remedy for failure to join an indispensable party under Rule 19 would, under these circumstances, warrant remand to the state court under 28 U.S.C. §1447(c). However, § 1447(c) requires remand where it appears that the court lacks subject matter jurisdiction. The court has not
(continued...)

II.     *C&B's Remaining Counterclaims*

The parties also disagree as to whether C&B's counterclaims unrelated to the Hanover Schools project should be dismissed as well. C&B's copyright counterclaim alleges that RQAW has infringed upon C&B's rights under the federal Copyright Act, 17 U.S.C. § 101 *et seq.* C&B has also asserted a state law counterclaim for statutory and common law conversion, as well as two breach of contract claims relating to other projects on which the parties apparently worked together.

RQAW argues that this court should dismiss such claims because "federal jurisdiction depends on the complaint, rather than on the answer, counterclaim, or other subsequent pleadings . . . ." *Saturday Evening Post Co. v. Rumbleseat Press, Inc.*, 816 F.2d 1191, 1195 (7th Cir. 1997). The court is now presented with what seems to be a question of first impression: whether it may exercise jurisdiction over a defendant's remaining federal counterclaims after dismissal of all of plaintiff's claims for non-joinder under Rule 19 in a case that was previously properly removed to federal court. C&B has not directed the court's attention to authority supporting the exercise of federal jurisdiction based solely on federal counterclaims. The jurisdictional cloud could be removed easily if C&B simply

---

[1](...continued)
ruled in this opinion that it lacks jurisdiction, but rather that the court cannot in equity and good conscience allow this case to proceed without joining Hanover Schools as a party. Accordingly, § 1447(c) does not seem to apply to this situation.

files its own federal complaint alleging its copyright claims and any other supplemental claims it wishes to assert. Accordingly, the court finds that the best course of action is to dismiss all of C&B's counterclaims without prejudice, leaving open the possibility of repleading such claims. If C&B wishes to pursue claims unrelated to the Hanover Schools project, it may file a separate complaint doing so, explaining the basis for this court's jurisdiction.

*Conclusion*

For the foregoing reasons, all claims are dismissed without prejudice, and the parties are free to replead their claims in accordance with governing law. Final judgment shall be entered.

So ordered.

Date: January 5, 2006

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

James Dimos
LOCKE REYNOLDS LLP
jdimos@locke.com

James C. Gordon
WINSTEAD SECHREST & MINICK P.C.
5400 Renaissance Tower
1201 Elm Street
Dallas, TX 75270-2199

Nicholas Christo Nizamoff
STUART & BRANIGIN
ncn@stuartlaw.com

R. Scott Rhoades
WINSTEAD SECHREST & MINICK P.C.
srhoades@winstead.com

Melissa D. Schwaller
WINSTEAD SECHREST & MINICK P.C.
mschwaller@winstead.com

John Mathews Stuckey
STUART & BRANIGIN LLP
jms@stuartlaw.com

Joel E. Tragesser
LOCKE REYNOLDS LLP
jtragesser@locke.com

Sanford E. Warren, Jr.
WINSTEAD SECHREST & MINICK P.C.
swarren@winstead.com